ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| LEEZANDRA MÁRQUEZ ROMÁN<br><br>Demandante- Apelante<br><br><br>V.<br><br><br>MULTINATIONAL INSURANCE COMPANY; FAZAA, CORP.; COMPAÑÍA X; ASEGURADORAS 1-10; CORPORACIONES 1-10; DEMANDADOS DESCONOCIDOS 1-10<br><br>Demandada- Apelada | KLAN202300777 | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
| | | Civil Núm.: SJ2023CV01125<br>Salón: 804 |
| | | SOBRE:<br>Daños y Perjuicios |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# **S E N T E N C I A**[1]

En San Juan, Puerto Rico, a 26 de octubre de 2023.

Comparece ante nos la Sra. Leezandra Márquez Román (señora Márquez o Apelante) y solicita que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) el 6 de julio de 2023, notificada en esa misma fecha. Por medio del referido dictamen, el TPI desestimó una *Demanda* instada por la señora Márquez solicitando al Tribunal que le ordenara a la parte demandada a satisfacer de forma solidaria las cantidades reclamadas en la *Demanda* por los daños y perjuicios sufridos por esta.

---

[1] El 7 de septiembre de 2023, por medio de una *Resolución*, esta Curia le otorgó a la parte Apelada hasta el jueves 5 de octubre de 2023, para presentar su alegato, so pena de entender el recurso perfeccionado. Habiendo transcurrido el plazo otorgado y sin contar con la comparecencia de la parte apelada, el recurso se entiende perfeccionado.

Número Identificador

SEN2023_____

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen apelado.

-I-

A continuación, exponemos el tracto procesal relevante al caso de autos, conforme surge del expediente ante nuestra consideración.

El 6 de febrero de 2023, la señora Márquez presentó una *Demanda* en daños y perjuicios en contra de Multinational Insurance Company (Multinational), Fazaa, Corp. (Fazaa), y varios otros demandados.[2] En síntesis, alegó que el 7 de febrero del 2022, se encontraba en el área de la cafetería que se ubica en el edificio de Fomento y, mientras caminaba en el local antes mencionado, sufrió una caída al resbalar con un líquido que yacía en el suelo, para lo cual no se ofrecía advertencia alguna. De igual forma, arguyó que como resultado de dicho accidente sufrió traumas y, en consecuencia, se ha visto envuelta en un extenso tratamiento médico.

El 26 de abril de 2023, Multinational y Fazaa presentaron en conjunto una *Contestación a Demanda*.[3] En síntesis, negaron toda alegación sobre culpa y negligencia y, a su vez, levantaron varias defensas afirmativas.

Posteriormente, el 31 de mayo de 2023, la señora Márquez presentó una *Moción En Solicitud De Paralización De Los Procesos*.[4] Dicha moción se presentó para informarle al Tribunal que la señora Márquez aún se encontraba recibiendo los beneficios del Fondo del

---

[2] Apéndice del Recurso, págs 11-16.
[3] *Id.*, págs. 21-28.
[4] *Id.*, pág. 29.

Seguro del Estado (CFSE), respecto al incidente alegado en la *Demanda*.

El 31 de mayo de 2023, notificada en esa misma fecha, el TPI emitió una *Orden* mediante la cual le requirió a la señora Márquez que mostrara causa por la cual el Tribunal no debía desestimar la *Demanda*, toda vez que esta no había concluido su tratamiento ante la CFSE.[5]

Ese mismo día, la señora Márquez presentó una *Moción Informativa y Reiterando Solicitud De Paralización*.[6] Fundamentó su petición en lo resuelto por el Tribunal Supremo de Puerto Rico (TSPR) en el caso de *Alvarado v. Calaiño Romero*, 104 DPR 127 (1975), a los efectos de que las demandas presentadas prematuramente no son nulas, sino anulables y quién único puede requerir su anulación es la CFSE.

No obstante, el 6 de julio de 2023, notificada ese mismo día, el foro primario emitió una *Sentencia*[7] mediante la cual desestimó la *Demanda* incoada por la señora Márquez. El TPI fundamentó su decisión en varios casos resueltos por el TSPR donde se resuelve que una acción presentada por un obrero lesionado que ha acudido a la CFSE antes de que transcurran los noventa días de ser firme la decisión del Administrador de la CFSE es prematura.

El 14 de julio de 2023, la señora Márquez presentó una *Solicitud de Reconsideración y Reiterando Solicitud De Paralización*[8], la cual fue declarada No Ha Lugar el 7 de agosto de 2023, y notificada en esa misma fecha.[9]

---

[5] *Id.*, pág. 30.
[6] *Id.*, págs. 31-34.
[7] *Id.*, págs. 1-2.
[8] *Id.*, págs. 3-9.
[9] *Id.*, págs. 10.

Inconforme, la señora Márquez acudió ante este Tribunal de Apelaciones y alegó que el TPI cometió el siguiente error:

> Erró el Tribunal de Primera Instancia al desestimar la reclamación, contrario a lo resuelto por el Tribunal Supremo en Alvarado v. Calaiño Romero, 104 DPR 127 (1975).

-II-

## A. Ley de Compensaciones por Accidentes del Trabajo

Nuestro Tribunal Supremo ha calificado la Ley de Compensaciones por Accidentes del Trabajo,[10] como un estatuto "de carácter remedial que pretende consagrar ciertas protecciones y beneficios al obrero que sufre un accidente, lesión o enfermedad en el curso del trabajo". Así pues, dicho estatuto establece un sistema de seguro compulsorio, mediante la correspondiente aportación patronal, que persigue proveer un remedio expedito y eficiente a los empleados.[11]

Este sistema está fundamentado en el precepto constitucional de que todo trabajador debe estar protegido contra riesgos a su salud en su lugar de empleo.[12] Dicho seguro compensa al obrero que se ha lesionado, incapacitado, enfermado o fallecido a causa de un accidente ocurrido en el trabajo.[13] Debido a que la Ley 45 es un estatuto reparador, se interpreta liberalmente de manera que se pueda lograr la mejor consecución de su propósito.[14]

---

[10] Ley Núm. 45-1935, según enmendada, 11 LPRA sec. 1.
[11] *Id.*
[12] *Id.*, sec. 1(a).
[13] *Lebrón Bonilla v. E.L.A.*, 155 DPR 475, 482 (2001).
[14] *Ortiz Pérez v. FSE*, 137 DPR 367, 373 (1994).

Cuando el accidente o daño por el cual el obrero reclama a la CFSE es causado por un tercero, la Ley 45 le concede facultad al obrero para reclamar indemnización del tercero, bajo ciertas circunstancias. En estos casos, la Ley 45 dispone un proceso mediante el cual la CFSE se puede subrogar en los derechos del obrero lesionado para instar una acción por los daños sufridos por el obrero y los gastos incurridos en el tratamiento y compensación a éste, relacionados con el accidente, que le otorgó la CFSE. Así, el Artículo 29 de la Ley 45, dispone, en lo pertinente, lo siguiente:

> En los casos en que la lesión, enfermedad profesional o la muerte que dan derecho de compensación al obrero, empleado o sus beneficiarios, de acuerdo con este capítulo, le hubiere provenido bajo circunstancias que hicieren responsables a tercero de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios del tercero responsable de dicha lesión, enfermedad o muerte dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por el Administrador del Fondo del Seguro del Estado, y éste podrá subrogarse en los derechos del obrero, empleado o sus beneficiarios para entablar la misma acción en la forma siguiente:

> Cuando un obrero o empleado lesionado, o sus beneficiarios en casos de muerte, tuvieren derecho a entablar acción por daños contra terceros en los casos en que el Fondo del Seguro del Estado, de acuerdo con los términos de este capítulo, estuviere obligado a compensar en alguna forma, o a proporcionar tratamiento, el Administrador del Fondo del Seguro del Estado se subrogará en los derechos del obrero o empleado, o de sus beneficiarios, y podrá entablar procedimientos en contra del tercero en nombre del obrero o empleado, o de sus beneficiarios, dentro de los noventa (90) días siguientes a la fecha en que la decisión fuere firme y

ejecutoria, y cualquier suma que como resultado de la acción, o a virtud de transacción judicial o extrajudicial se obtuviere en exceso de los gastos incurridos en el caso se entregará al obrero o empleado lesionado o a sus beneficiarios con derecho a la misma. El obrero o empleado o sus beneficiarios serán parte en todo procedimiento que estableciere el Administrador bajo las disposiciones de esta sección, y será obligación del Administrador notificar por escrito a las mismas de tal procedimiento dentro de los cinco (5) días de iniciada la acción.

Si el Administrador dejare de entablar demanda contra la tercera persona responsable, según se ha expresado en el párrafo anterior, el obrero o empleado, o sus beneficiarios quedarán en libertad completa para entablar tal demanda en su beneficio, sin que vengan obligados a resarcir al Fondo del Seguro del Estado por los gastos incurridos en el caso.

Ninguna transacción que pueda llevarse a cabo entre el obrero o empleado lesionado, o sus beneficiarios en caso de muerte, y el tercero responsable, dentro de los noventa (90) días subsiguientes a la fecha en que la decisión fuere firme y ejecutoria, o después de expirado dicho término si el Administrador hubiere presentado su demanda, tendrá valor y eficacia en derecho a menos que se satisfagan previamente los gastos incurridos por el Fondo del Seguro del Estado en el caso; y no se dictará sentencia en pleitos de esta naturaleza, ni se aprobará transacción alguna con relación a los derechos de las partes en dichos pleitos sin hacer reserva expresa del derecho del Fondo del Seguro del Estado a reembolso de todos los gastos incurridos; Disponiéndose, que el secretario de la sala que conozca de alguna reclamación de la naturaleza antes descrita notificará al Administrador del Fondo del Seguro del Estado sobre cualquier providencia dictada por el tribunal que afecte los derechos de las partes en el caso, así como de la disposición final que del mismo se hiciere. [15]

---

[15] Ley Núm. 45-1935, 11 LPRA sec. 32.

Así las cosas, una vez transcurrido el término de 90 días sin que el Administrador del Fondo presente la acción de subrogación, el obrero o sus beneficiarios podrán entablar una demanda contra el tercero causante del daño, sin estar obligados a resarcir a la CFSE por los gastos incurridos en el tratamiento médico brindado al obrero.[16]

## -III-

En el presente caso, la señora Márquez alegó que el TPI incurrió en error al desestimar su *Demanda* por prematura. La Apelante arguyó que el foro primario resolvió contrario a lo resuelto en *Alvarado v. Calaiño Romero*, *supra*, a los efectos de que las demandas presentadas prematuramente no son nulas, sino anulables y quién único puede requerir su anulación es la CFSE. No le asiste la razón. Veamos.

En *Alvarado v. Calaiño Romero*, *supra*, el caso giraba en torno al asunto de si la CFSE tenía o no derecho a recobrar los gastos en que incurrió con respecto al obrero lesionado. Allí, el TPI **dictó sentencia a favor del obrero lesionado**, pero dispuso que este debía devolverle a la CFSE cierta cantidad por concepto de subrogación. Así pues, el obrero lesionado cuestionó dicha determinación y alegó que la CFSE había dejado expirar el término de subrogación. Por su parte, la CFSE arguyó que el obrero lesionado instó prematuramente su acción judicial ante el foro primario.

Así las cosas, el Tribunal Supremo abordó la cuestión de las acciones judiciales prematuras y señaló que la CFSE podía anular tales acciones al presentar a

---

[16] *Alvarado v. Calaiño Romero*, 104 DPR 127 (1975).

tiempo la acción de subrogación que solo esta puede presentar.

Ahora bien, la situación del caso de autos es distinguible a la de *Alvarado v. Calaiño Romero*, *supra*. Aquí, la Apelante instó una *Demanda* contra Multinational, Fazaa y varios otros demandados. Sin embargo, la señora Márquez **no ha recibido ninguna compensación como resultado de la presente acción, o en virtud de alguna transacción judicial o extrajudicial.**

Es importante señalar que, el hecho de que la CFSE sea la única que pueda requerir la anulación de una demanda presentada prematuramente, implica que, como en *Alvarado v. Calaiño Romero*, *supra,* **se haya compensado al obrero lesionado, ya sea por medio de un dictamen del TPI, o por medio de una transacción judicial o extrajudicial**. En este caso, eso no ha ocurrido.

Por lo cual, la normativa establecida en *Alvarado v. Calaiño Romero*, *supra,* **no aplica al caso de epígrafe**.

Luego del análisis antes esbozado, nos corresponde ahora determinar si el TPI erró al desestimar la presente *Demanda* por prematura.

Como antes mencionáramos, la Ley 45 expresamente prohíbe instar la reclamación contra el tercero o transigir la misma hasta después de transcurridos noventa días a partir de la fecha en que la resolución del Administrador de la CFSE fuere firme y ejecutoria.

Aquí, la señora Márquez presentó su *Demanda* **mientras aún recibía los servicios de la CFSE**. Es decir, el Administrador de la CFSE aún no ha emitido una resolución en el presente caso y, en ausencia de dicha resolución, el término de noventa días que tiene la CFSE para subrogarse en los derechos de la señora Márquez no

ha transcurrido. Siendo esto así, la Apelante estaba impedida de presentar su reclamación ante el foro primario. Así las cosas, al no seguir el procedimiento dispuesto en la Ley 45, la Apelante presentó su *Demanda* de forma prematura.

Por ende, no erró el TPI al desestimar la *Demanda* de epígrafe por prematura.

**-IV-**

Por los fundamentos antes expuestos, **confirmamos** la S*entencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*